UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEROME K. BALDWIN,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:14-cv-1654 (SRU)

## RULING AND ORDER

On April 24, 2006, Jerome K. Baldwin pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 851, and one count of possession of a firearm in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c). On September 11, 2006, United States District Judge Peter C. Dorsey sentenced Baldwin to 120 months of imprisonment on the drug count and 60 months of imprisonment on the gun count, to be served consecutively, and judgment entered the following day. Baldwin appealed, and the Second Circuit affirmed the judgment on July 23, 2007, and issued its mandate on November 11, 2007. Baldwin's petition for a writ of certiorari was denied on February 26, 2008.

Baldwin has subsequently (and somewhat prolifically) filed various motions, affidavits, and notices in a seemingly idiosyncratic style, asserting, for instance, that he is not a "U.S. citizen" or a "Federal Citizen" but rather a "Moorish-American National, In Propia Persona, Sui Juris," and that he is not the "fictional all capitals corporate entity" named in the case caption but rather a person with a similar but differently-styled name. He has made various assertions and demands in those filings (including that all correspondence to him not addressed precisely in the manner he indicates is a stipulation of default) and challenges to the jurisdiction of the courts and

to federal criminal jurisdiction generally. I denied one such motion on January 2, 2014, ruling that Baldwin's "claims regarding jurisdiction [were] meritless as a matter of law." *United States v. Baldwin*, 3:05-cr-291 (SRU) (doc. # 59). On the same day, I denied a motion seeking copies of documents, ruling that "[t]he time to file an appeal pursuant to 28 U.S.C. § 2255 [had] passed," that the caselaw Baldwin cited "[did] not apply to his petition and [did] not overcome Baldwin's procedural default as a matter of law," and that there was therefore "no open proceeding for which he needs the requested documents." *Id.* (doc. # 56).

On October 16, 2014, Baldwin mailed the present petition (marked as filed by the Clerk on November 5, 2014), which he styles "Affidavit and Notice and Demand to Dismiss for Lack of Criminal Jurisdiction" (doc. # 1). Baldwin is a *pro se* litigant—notwithstanding his assertion that he is "expressly not 'Pro Se,'" and I of course only mean that he represents himself rather than being, as he puts it, "represented by any attorney of the lawyering craft"—and he is thus entitled to a liberal interpretation of his pleadings. *See, e.g.*, *Green v United States*, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings . . . ."). Because there is no other procedural vehicle for his arguments but a *habeas* petition after the failure of his appeal and the denial of his petition for certiorari, I construe his "Affidavit and Notice and Demand to Dismiss" as a *habeas* petition filed pursuant to 28 U.S.C. § 2255, though he does not so style his motion and in fact denies in his reply to the government's opposition that it is a petition under that statute. Pet'r's Reply at 2 (doc. # 10).[1]

---

[1] Baldwin claims that the section 2255 petition "is a sua sponte motion of the court," and that I cannot address it until I "first [make] a factual determination in law … whether or not [he is] subject to the criminal jurisdiction of" the United States. Pet'r's Reply at 2 (doc. # 10). He is surely subject to that jurisdiction—he pleaded guilty to federal crimes committed in the United

2

As I indicated in my denial of Baldwin's motion for documents in January 2014, the time for filing under section 2255 has lapsed. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "had among its goals [the prevention of] undue delays in federal habeas review," *Wims v. United States*, 225 F.3d 186, 189 (2d Cir. 2000) (quotation omitted), and to that effect it imposed a one-year limitations period for section 2255 petitions. *See* 28 U.S.C. § 2255(f). When a direct appeal is taken and fails, and a petition for a writ of certiorari is denied, the judgment of conviction becomes final and the limitations clock begins running when the Supreme Court denies the petition for certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Baldwin's petition for certiorari was denied on February 26, 2008, and he filed the present petition more than six years later.

The limitations period is far exceeded and Baldwin makes no argument that it should be tolled, nor does it appear likely that such an argument is available to him. "Equitable tolling applies only in the rare and exceptional circumstance. In order to equitably toll the one-year period of limitations, [the petitioner] must show that extraordinary circumstances prevented him from filing his petition on time. In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (quotations and citations omitted). Baldwin has not indicated that he has faced "rare and exceptional circumstances" or that such extraordinary circumstances prevented him from filing a timely petition. Nor has he shown "reasonable diligence" throughout the period of delay.

---

States—and after the exhaustion of his appeal, a section 2255 petition is his only vehicle to argue otherwise.

Even if his petition were timely, Baldwin's arguments—which are obscure, but which appear to be composed primarily of a broad rejection of federal criminal jurisdiction—would be unavailing. The United State Constitution vests Congress with explicit authority to enact criminal law in several areas, *see* U.S. Const. Art. I, § 8 ("Congress shall have Power … To provide for the Punishment of counterfeiting the Securities and current Coin of the United States. . . . To define and punish Piracies and Felonies committed on the high Seas, and Offenses against the Law of Nations."); U.S. Const. Art. III, § 3 ("The Congress shall have Power to declare the Punishment of Treason . . . ."), and provides for federal criminal trials, U.S. Const. Art. III, § 2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States . . . . The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury"). Courts have consistently held that other provisions of the Constitution authorize Congress to enact criminal laws in other areas as well. *See, e.g.*, *Gonzales v. Raich*, 545 U.S. 1, 39 (2005) (Scalia, J., concurring in the judgment) ("In the [Controlled Substances Act], Congress has undertaken to extinguish the interstate market in Schedule I controlled substances . . . . The Commerce Clause unquestionably permits this."); *see also Heath v. Alabama*, 474 U.S. 82, 93 (1985) ("Foremost among the prerogatives of sovereignty is the power to create and enforce a criminal code."). Baldwin argues his legal theory very broadly and raises no particularized constitutional challenge to the statutes he pleaded guilty to violating; his argument fails as a matter of law.

Because Baldwin's petition is time-barred, and moreover because, even if it were timely, his arguments are not meritorious, his petition is denied. He has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and accordingly, a

certificate of appealability will not issue. *See also United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). The Clerk shall enter judgment and close the file.

    So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of June 2015.

                                              /s/ STEFAN R. UNDERHILL
                                              Stefan R. Underhill
                                              United States District Judge