UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEROME K. BALDWIN,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
    Defendant.

No. 3:14-cv-1654 (SRU)

## RULING AND ORDER

On June 23, 2015, I denied Jerome K. Baldwin's "Affidavit and Notice and Demand to Dismiss for Lack of Criminal Jurisdiction" (Doc. # 1), which I liberally construed as a *habeas* petition filed pursuant to 28 U.S.C. § 2255 (Doc. # 17). Apparently seeking reconsideration of that ruling, Baldwin has now filed an "Affidavit and Notice and Demand to Alter or Amend the Judgment (In the nature of Federal Rules of Civil Procedure, Rule 59(a) and (e))" (Doc. # 20). The standard for granting such motions is strict: motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

None of those grounds is present. Baldwin reiterates the legal theories he has raised in earlier filings, which are constituted primarily by his rejection of the propriety of federal criminal jurisdiction. For the reasons discussed at greater length in my June 23 ruling and order, those theories fail as a matter of law. Accordingly, Baldwin's motion "to Alter or Amend the Judgment" (Doc. # 20) is denied. His subsequent motion for sanctions (Doc. # 22) is denied as moot.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of September 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge